UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAN CARLOS CANDELARIO,

        Plaintiff,

-vs-

BOBST NORTH AMERICA, INC., as Successor in Interest
to BOBST CHAMPLAIN, INC., and BOBST LYON, SAS,
f/k/a SA MARTIN,

        Defendants.      DECISION AND ORDER

BOBST LYON, SAS, f/k/a SA MARTIN,      18-CV-6281 CJS

        Third Party Plaintiff,

-vs-

JAMESTOWN CONTAINER CORPORATION,

        Third Party Defendant.

_____

**APPEARANCES**

For Plaintiff:          Joseph A. Regan, Esq.
            Faraci & Lange LLP
            Two State Street, 400 Crossroads Building
            Rochester, NY 14614-7163
            (585) 325-5150

For Defendant Bobst North     Matthew C. Lenahan, Esq.
America, Inc., as Successor in    Rupp Baase Pfalzgraf & Cunningham LLC
Interest to Bobst Champlain, Inc.:   The Powers Building
            16 West Main Street, Suite 300
            Rochester, NY 14614
            (585) 381-3400

            Thomas R. Pender, Esq.
            Cremer Spina Shaughnessy Jansen & Siegert LLC
            1 North Franklin, 10th Floor
            Chicago, IL 60606
            (312) 726-3800

| | |
|---|---|
| For Defendant Bobst Lyon, SAS f/k/a SA Martin: | Thomas R. Pender, Esq.<br>Cremer Spina Shaughnessy Jansen & Siegert LLC<br>1 North Franklin, 10th Floor<br>Chicago, IL 60606<br>(312) 726-3800 |
| For Third Party Plaintiff Bobst North America, Inc. as Successor in Interest to Bobst Champlain, Inc.: | Matthew C. Lenahan, Esq.<br>Rupp Baase Pfalzgraf & Cunningham LLC<br>The Powers Building<br>16 West Main Street, Suite 300<br>Rochester, NY 14614<br>(585) 381-3400<br><br>Thomas R. Pender, Esq.<br>Cremer Spina Shaughnessy Jansen & Siegert LLC<br>1 North Franklin, 10th Floor<br>Chicago, IL 60606<br>(312) 726-3800 |
| For Third Party Defendant Jamestown Container Corporation: | No appearance. |

## INTRODUCTION

**Siragusa, J.** This potential class action products liability matter is before the Court on motion of Bobst Lyon SAS, ECF No. 10, to dismiss the complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The Court has reviewed the papers filed in support of and in opposition to the motion and heard oral argument on July 18, 2019. For the reasons stated below, the application is denied without prejudice.

## FACTUAL BACKGROUND

Plaintiff filed a complaint against Bobst North America, Inc. and Bobst Lyon, SAS[1] alleging negligence and products liability. Plaintiff was injured at Jamestown Container

---

[1] SAS means société par actions simplifiée. "A *société par actions simplifiée* … is a form of a simplified French business entity and is treated as a corporation under French law." *Pritired 1, LLC v. United States*, 816 F.Supp.2d 693, 697 n.1 (S.D. Iowa 2011); *see also In re Air Crash at Belle Harbor, New York on November 12, 2001*, No. MDL 1448(RWS), 2006 WL 1288298, at *2 (S.D.N.Y. May 9, 2006) (equating a *société par actions simplifiée* to a limited liability company)." *Oui Financing LLC v. Dellar*, No. 12 Civ. 7744(RA), 2013 WL 5568732, *1 n.2 (S.D.N.Y. Oct. 9, 2013).

Corporation, his place of employment, on June 9, 2016, while using a Martin Transline 1228, a machine "designed to feed, slot, print, fold and glue corrugated cardboard to make boxes." Compl. ¶ 9, Apr. 9, 2018, ECF No. 1. Plaintiff alleges that as he was operating the machine, "his hand was drawn into a nip point, trapping his hand and injuring it in such a fashion that two of his fingers had to be amputated and he was caused to sustain severe skin loss over his hand requiring extensive grafting and severe loss of function of his hand." Compl. ¶ 16. Plaintiff contends that the Martin Transline was defective because of inadequate safeguards and alleges two causes of action, one for negligence, and three for product liability (failure to warn, unsafe design, and product defect).

### *The Corporations*

Plaintiff alleges that Bobst North America, Inc. ("Bobst"), is a New Jersey corporation with its principle office in Essex County, New Jersey. Compl. ¶ 2. Plaintiff further alleges that Bobst is the successor to Bobst Champlain, Inc. ("Champlain"). Champlain, he alleges, was also a New Jersey corporation, which subsequently merged into Bobst Group, Inc. Compl. ¶¶ 4–5. Bobst Group, Inc., "subsequently merged into defendant Bobst." Bobst Lyon, SAS, is a limited liability company organized under French law, and was formerly known as SA Martin, also a French company. Bobst Lyon, SAS, has its principle place of business in Villerbanne, France. Compl. ¶ 6.

### *The Machine*

Plaintiff states in his complaint that the Martin Transline 1228 he was operating at the time he was injured was manufactured by SA Martin, which is now defendant Bobst Lyon, SAS. He further alleges that the machine was distributed and sold in the United States by Champlain, which became defendant Bobst in 2006. Compl. ¶ 13. Plaintiff's employer,

Jamestown Container Company, subsequently purchased the Martin Transline 1228 used from another company in Ohio and put it into service prior to June 9, 2016. Compl. ¶ 15.

## STANDARDS OF LAW

Plaintiff bears the burden of showing that the Court has jurisdiction over the defendants. "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).

When sitting in diversity, this Court's jurisdiction is consistent with the jurisdiction of the state courts of general jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). Plaintiff asserts specific[2] jurisdiction over Bobst Lyon, SAS in this diversity case through two subdivisions of New York's long-arm statute. Pl.'s Mem. of Law 1, Sept. 25, 2018, ECF No. 17. Those two subdivisions are in New York Civil Procedure Law and Rules sections 302(a)(3)(i) and 302(a)(3)(ii). Those two subdivisions read as follows:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: . . . .
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

N.Y. C.P.L.R. sections 302(a)(3)(i) and (a)(3)(ii) (McKinney 2008).

---

[2] Plaintiff concedes that the Court does not have general jurisdiction over Bobst pursuant to New York Civil Procedure Law and Rules section 301. Pl.'s Mem. of Law 3.

In addition to New York's Long-Arm statute, constitutional due process requires that a defendant who is not present in the territory of the forum court have "certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)). Foreseeability of causing injury in the forum "is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Once the Court finds that a defendant has purposefully established minimum contacts with the forum, it must then consider other factors to determine whether exercising jurisdiction would comport with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 476.

> Thus courts in "appropriate case[s]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S., at 292.

*Id.* at 476–77.

## ANALYSIS

Before analyzing the Court's *in personam* jurisdiction over the French company Bobst Lyon, SAS, the Court must address the factual dispute about the company's history between Plaintiff's allegations in the complaint and counsel's affidavit, and Bobst's counsel's rendition of the company history in Defendants' reply papers.

> Where, as here, a district court in adjudicating a motion pursuant to Federal Rule of Civil Procedure 12(b)(2) "relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction." *Porina v. Marward*

*Shipping Co.,* 521 F.3d 122, 126 (2d Cir. 2008) (internal quotation marks omitted). This showing may be made through the plaintiff's "own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation marks, citation, and alterations omitted).

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010). In this case, both parties have submitted materials outside the pleadings and, in addition, Plaintiff has asked the Court to permit limited discovery if it is inclined to grant the motion to dismiss.

Defendant's rendition of the company history is as follows:

> Bobst Champlain, Inc. was first organized as a New York corporation under the name Champlain Company, Inc. in 1944. It changed its name to Bobst Champlain, Inc. in 1965 and remained in existence until it was merged into another company in early 1983. See New York State Department of State information annexed hereto as exhibit B. The self-authenticating information on the machine itself conflicts in some respects with the documentary evidence provided by the declaration of Ms. Le Gouais. That evidence indicates the machine in question was sold by S. A. Martin to a company known as Bobst, Inc. Although it appears that Bobst Inc. was a New Jersey corporation in 1978, it is also true that Bobst Inc. became authorized to do business in the State of New York on July 24, 1978, approximately one week before the machine was sold. See New York State Department of State information annexed hereto as exhibit C. Either way, S. A. Martin, as the predecessor of defendant Bobst Lyon, purposefully did business with a New York Corporation or a corporation authorized to do business in the State of New York when it sold the machine that injured the plaintiff.

Regan Decl. ¶ 6, Sept. 9, 2018, ECF No. 16. In contrast, Bobst's counsel has disputed Plaintiff's rendition of the history of the company in the following:

> Plaintiff has muddled the factual record by confusing different former corporate entities with BOBT LYON. BOBST LYON and Bobst North America, Inc., are two different corporate entities. Neither BOBST LYON nor its predecessor S. A. Martin has ever been incorporated or registered to do business in New York. Instead, Plaintiff points to the alleged New York connections of a company called Bobst Champlain. His discussion of Bobst Champlain is not probative on the question of jurisdiction over BOBST LYON and is, in any event, factually incorrect.
>
> Champlain Company, Inc., registered as a domestic business corporation with the State of New York in 1944. *See* **Exhibit B.** In 1965, Champlain Company,

> Inc., was acquired and changed its name to Bobst Champlain, Inc. *Id.* Nearly twenty years after that, on January 28, 1983, Bobst Champlain, Inc., merged out into American Bobst Holdings, Inc., a New Jersey corporation. American Bobst Holdings, Inc., only became authorized to do business in New York on November 10, 2004, when it merged into Bobst Group North America, Inc., the corporate predecessor to defendant, Bobst North America, Inc. **Exhibit C.** Bobst North America remains a defendant in this case and does not contest that it is subject to personal jurisdiction in this action.
>
> Separately, on July 24, 1978, Bobst, Inc., a New Jersey corporation, registered to do business in New York as a foreign corporation. **Exhibit D.** Also in July 1978, BOBST LYON's predecessor S.A. Martin, a French corporation, sold the subject Transline 1228 Flexo Folder Gluer "FOB France" to Bobst, Inc., the New Jersey corporation. (Dkt. 11, ¶ 6).³ The machine was then shipped to Ohio. *Id.* S. A. Martin did not participate in any subsequent sale of the subject machine. S. A. Martin received no revenue from this sale from anyone located in the State of New York. In 1984, Bobst, Inc., changed its name to Bobst Group, Inc. Exhibit **D.** In 2008, Bobst Group, Inc., surrendered its authority to do business in the State of New York. *Id.* Thus, any connection that any Bobst entity had to New York ended more than a decade ago. The fact that some other Bobst entity had a connection to New York more than ten years ago is not germane to the actions of BOBST LYON at the time that the action was commenced. *See Ball v. Metallurgie HobokenOverpelt, S.A.,* 902 F.2d 194 (2d Cir. 1990) (the year the complaint was filed was the proper point in time for assessing substantiality of the defendant's New York revenue); *Bank of California v. Smith Barney, Inc.,* No. 89-CV-551, 1997 WL 736529, at *5 n.5 (N.D.N.Y. Oct. 31, 1997) (the jurisdictional analysis should general focus on the time that the action was commenced).

Bobst Reply Mem. 2–3, Oct. 15, 2018, ECF No. 21.

It appears that the machine at the heart of this litigation was sold by Bobst Lyon, SAS's predecessor company to Bobst, Inc., at a time when that company was authorized to do business in New York. However, the machine was not sold by Bobst, Inc. to a New York entity, but was sold to an entity in Ohio. Eleven years before the filing of this action, in 2008, Bobst, Inc., now known as Bobst Group, Inc., the entity authorized to do business in New York, and the entity that purchased the machine at issue in this case and sold it to an Ohio company, surrendered its authority to do business in New York. The Ohio company sold the machine as

---

³ Le Gouais Decl. ¶ 6, Aug. 15, 2018, ECF No. 11.

used equipment to Jamestown Container Corporation sometime before June 9, 2016, the date of Plaintiff's injuries.

### N.Y. C.P.L.R. section 302(a)(3)(i)

The essence of personal jurisdiction under (a)(3)(i) is the following: "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state . . . ." The evidence before the Court at this point in the litigation does not show that Bobst Lyon, SAS, meets this requirement. Nothing before the Court demonstrates that Bobst Lyon, SAS, received any revenue from sales in New York State. Construing this subdivision, the New York Court of Appeals wrote:

> It is a "single act statute" and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted….

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (citations omitted). Plaintiff has pointed to no connection between the sale of the machine by the Ohio company to Jamestown Container Corporation and Bobst Lyon, SAS. No substantial relationship exists between the Ohio company sale to Jamestown Container Corporation and Bobst Lyon, SAS.

Bobst Lyon, SAS, addresses Plaintiff's argument that four of its machines were sold to the New Jersey corporation which then sold them to New York entities. Bobst Lyon, SAS, contends that those four sales produced about one percent of Bobst Lyon, SAS's overall revenue. The Honorable I. Leo Glasser of the Eastern District observed in *Copterline Oy v. Sikorsky Aircraft Corp.*, 649 F. Supp. 2d 5 (E.D.N.Y. 2007): "District courts in this Circuit agree that where a foreign corporation derives less than five percent of its overall revenue from sales in New York, such sales are not substantial enough to force a foreign defendant to litigate in New York." *Id*. at 16–17 (collecting cases). The allegations concerning Bobst Lyon,

SAS's statements about its revenue from New York do not support Plaintiff's position of jurisdiction under (a)(3)(i).

### N.Y. C.P.L.R. section 302(a)(3)(ii)

The crux of personal jurisdiction under (a)(3)(ii) is that Bobst Lyon, SAS, "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ." According to Plaintiff, Bobst Lyon, SAS's sale of four machines to the New Jersey corporation, which were eventually sold by that corporation to New York entities, amounted to revenue more than $8,000,000.00. Bobst Lyon, SAS, concedes that it "derives substantial revenue" from sales of its machines outside of France, but that it "could not and should not have reasonably expected that its sale of a machine to the ultimate customer in Ohio would have consequences" in New York. Bobst Lyon, SAS Reply Mem. 6. The New York statute's foreseeability requirement, as the courts have labeled it, "'relates to forum consequences generally and not to the specific event which produced injury within the state . . . .'" *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 n.4 (1980).

Bobst Lyon, SAS, argues that it was not foreseeable to it that the machine it sold to an Ohio entity would end up in New York, and makes the point that "a nondomicillary manufacturer's amenability to suit no longer 'travel[s] with the chattel.'" Bobst Lyon, SAS Reply Mem. of Law 6 (quoting *J. Mcintyre Mach., Ltd. V. Nicastro*, 564 U.S. 873, 891 (2011)). This argument appears at odds with the holding in *Fantas Foods, Inc.*, where the New York court stated that (a)(3)(iii) is concerned with foreseeability of forum consequences generally, and "not to the specific event which produced injury within the state." *Fantas Foods, Inc.*, 49 N.Y.2d at 326 n.4. If Bobst Lyon, SAS, is selling machines to the New Jersey corporation which it knows will enter the New York market, then it should have foreseen that one of its machines

could cause harm in New York. *Fantas Foods, Inc.* is not concerned with whether Bobst Lyon, SAS, could have foreseen that the *specific* machine that caused the harm would enter New York, only that it could face forum consequences generally. By selling machines to the New Jersey corporation chargeable with the knowledge that one or more of them would end up in New York, Bobst Lyon, SAS, could have foreseen the potential for consequences in New York. Thus, it appears that personal jurisdiction is available under (a)(3)(ii). Therefore, the Court must analyze the due process impact.

*Due Process*

Bobst Lyon, SAS, relies heavily on the decision in *J. McIntyre Mach., Ltd. v. Nicastro*. The decision did not result in the assent of five justices, therefore, Bobst Lyon, SAS, citing the rule[4] in *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976), relies on Justice Breyer's concurring opinion in *J. McIntyre Mach*.

Addressing Bobst Lyon, SAS's argument that its "amenability to suit" did not travel with the chattel that caused the injury, Justice Breyer, in his concurring opinion in *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 891 (2011), disagreed with the majority's determination that jurisdiction could rest "upon no more than the occurrence of a product-based accident in the forum State." *Id*. at 891. Instead, he wrote that the Supreme Court "has rejected the notion that a defendant's amenability to suit 'travel[s] with the chattel.'" *Id*. (quoting *World-Wide Volkswagen*, 444 U.S. at 296). In *World-Wide Volkswagen*, the Supreme Court held that simply because a manufacturer's chattel finds its way into the forum state, does not mean the manufacturer should foresee being brought into court there. Instead, "the

---

[4] "Since five Justices wrote separately in support of the judgments in *Furman,* the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976).

foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

The Third Department, in a case involving a plaintiff in New York injured by a German meat packing machine whose manufacturer who sold its machines to a Massachusetts corporation, stated,

> it is not enough that a defendant foresaw the possibility that its product would find its way here; foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market (*Martinez v American Std*., 91 AD2d 652, 653-654, *aff'd* 60 NY2d 873; *see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:24, at 113).

*Schaadt v. T. W. Kutter, Inc.*, 169 A.D.2d 969, 970 (N.Y. App. Div. 3d Dep't 1991). In his opinion in *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011), Justice Kennedy observed that:

> [A] defendant may in an appropriate case be subject to jurisdiction without entering the forum—itself an unexceptional proposition—as where manufacturers or distributors "seek to serve" a given State's market. *Id.*, at 295, 100 S. Ct. 559, 62 L. Ed. 2d 490. The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign. In other words, the defendant must "purposefully avai[l] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson*, *supra*, at 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283; *Insurance Corp.*, *supra*, at 704-705, 102 S. Ct. 2099, 72 L. Ed. 2d 492 ("[A]ctions of the defendant may amount to a legal submission to the jurisdiction of the court"). Sometimes a defendant does so by sending its goods rather than its agents. The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.

*J. McIntyre Mach., Ltd.* at 882.

The allegations in the complaint demonstrate *prima facie* that Bobst Lyon, SAS's sales to the New Jersey corporation were done with the intent to target the New York market, which would mean Bobst Lyon, SAS, could foresee being brought into court in New York.

## CONCLUSION

Bobst Lyon, SAS's motion to dismiss for lack of personal jurisdiction, ECF No. 10, is denied without prejudice.

DATED: August 29, 2019
Rochester, NY

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge